TAMMY R. HURLEY,   Case No. 15-cv-1539-pp

        Claimant,

v.

CAROLYN W. COLVIN,

        Respondent.

**ORDER GRANTING IN PART CLAIMANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3)**

On December 23, 2015, Tammy Hurley, by her attorney, Barry A. Schultz, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 3.

A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she in unable to pay the fees, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a).

The claimant's Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis indicates that she is employed by QPS Employment in Elkhorn, Wisconsin and receives $1,188 in gross monthly pay. Dkt. No. 2 at 2. She does not receive any other income. The affidavit does not clearly show whether or not the claimant is married (she answered "N/A" to questions about

1

her spouse's employer and income, but it isn't clear whether that is because she does not have a spouse, or because the spouse has no income), but when answering the question, "How much cash do you and your spouse have?," the claimant answered, "$2.00." Id. at 3. The claimant has a checking account worth $8.48, but owns no other assets. Id. at 3-4. She supports one daughter but lists no other dependents. Id. at 4.

The claimant does not list a monthly home-mortgage payment, and indicates that she does not own a home or a car. Id. She indicates that her real estate taxes *are* included in her monthly rent or home mortgage payment, but does not list a dollar amount for rent. Her monthly expenses include $300 for utilities, $400 for food, and $20 for entertainment, totaling $720 each month. Id. at 5. At the end of the affidavit, she states, "I make $1,188.00 monthly. My monthly expenses run roughly $720.00-$800.00 per month. The rest I spend on daughters [sic] school lunches, extra food and clothing she may need." Id. at 6.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). The claimant has monthly income of about $1,188 and monthly expenses of about $720 to $800, leaving a surplus of income of approximately $388 to $468. If the court is reading the affidavit correctly, she has no housing expense at all (which would indicate that either she lives in a home that is paid for, or lives with someone who pays the home

2

expenses). The court concludes that the information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she has enough income to make a partial payment of the filing fee.

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant states that the Administrative Law Judge's decision finding that the plaintiff was not disabled "is not supported by substantial evidence and is contrary to law." Dkt. No. 1 at 2. Although supported with very few facts, the court concludes that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS IN PART** the claimant's motion to proceed *in forma pauperis* (Dkt. No. 3). The court **ORDERS** that the claimant pay $200 toward the filing fee to the Clerk of Court for this district on or before **FRIDAY MARCH 4, 2016**. If the claimant does not pay the fee, the court will dismiss the case on the next business day without further notice or hearing, pursuant to Fed. R.

3

Civ. P. 41(b) and Civ. L.R. 41(c). If the claimant timely pays the filing fee, the court will issue a briefing schedule.

Dated in Milwaukee, Wisconsin this 29th day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge