IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMMY R. HURLEY,                         Case No. 15-cv-1539-pp

                    Plaintiff,

v.

NANCY A. BERRYHILL[1],
Acting Commissioner, Social Security Administration,

                    Defendant.

**ORDER REVERSING THE FINAL ADMINISTRATIVE DECISION OF THE
COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

I.      **INTRODUCTION**

        Plaintiff Tammy Hurley applied for Social Security Disability Insurance

(SSDI) on October 4, 2012. Dkt. No. 14 at 1; Tr. 64. The Social Security

Administration denied the claim on January 22, 2013, and again upon

reconsideration on August 22, 2013. Dkt. No. 13-3 at 1; Tr. 13. On

September 23, 2013, the plaintiff requested a hearing. Id. Administrative Law

Judge (ALJ) William Spalo held a video hearing on May 27, 2014. Id. On

September 5, 2014, the ALJ issued an unfavorable decision, dkt. no 14; tr. 10-

28, and the Appeals Council declined review on October 26, 2015. Id.; Tr. 1-7.

On December 23, 2015, the plaintiff filed a social security complaint in federal

_____

[1] At the time the plaintiff filed her complaint, Carolyn Colvin was the acting
commissioner of the Social Security Administration. On January 23, 2017,
Nancy A. Berryhill became acting commissioner; the court has made that
change in the caption of the case.

1

court seeking review of the ALJ's second decision. Dkt. No. 1. The parties have fully briefed the appeal. The court remands the case for findings consistent with this decision.

## II. STANDARD OF REVIEW

The Social Security Administration provides "disability insurance benefits and supplemental security income to persons who have a 'disability.'" <u>Barnhart v. Thomas</u>, 540 U.S. 20, 21 (2003). To qualify as "disabled," the claimant must demonstrate a physical or mental impairment or impairments "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." <u>Id.</u> at 23 (quoting 42 U.S.C. §423(d)(1)(A)). The Social Security Act further "defines 'disability' as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" <u>Id.</u> (quoting 42 U.S.C. §423(d)(1)(A)).

In evaluating a claim for disability benefits, the ALJ follows a five-step, sequential process, considering: (1) work activity; (2) the medical severity of the plaintiff's impairments; (3) whether the medical severity meets or equals one of the Social Security listings; (4) the plaintiff's residual functional capacity and past relevant work; and (5) the plaintiff's residual functional capacity ("RFC"), age, education, and work experience to determine if the plaintiff can make an

adjustment to other work. 20 C.F.R. 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." <u>Briscoe ex rel. Taylor v. Barnhart</u>, 425 F.3d 345, 352 (7th Cir. 2005). If it appears at any step that the claimant is or is not disabled, the analysis ends. 20 C.F.R. §404.1520(a)(4).

A plaintiff may seek judicial review of an ALJ's decision by operation of 42 U.S.C. §405(g). This statute provides for limited review. <u>Id.</u> The court reviews the ALJ's decision "to determine whether it reflects a logical bridge from the evidence to the conclusions sufficient to allow" the reviewing court "to assess the validity of the agency's ultimate findings and afford [the plaintiff] meaningful judicial review." <u>Moore v. Colvin</u>, 743 F.3d 1118, 1121 (7th Cir. 2014) (citations omitted). The court will reverse only if the ALJ failed to support the decision with substantial evidence or committed legal error. <u>Hopgood ex rel. L.G. v. Astrue</u>, 578 F.3d 696, 698 (7th Cir. 2009) (citing <u>Nelms v. Astrue</u>, 553 F.3d 1093, 1097 (7th Cir. 2009)). "A decision that lacks adequate discussion of the issues will be remanded." <u>Moore</u>, 743 F.3d at 1121 (citation omitted).

## III.  DISCUSSION

### A. <u>The ALJ's Decision</u>

Based on the five-step disability evaluation prescribed by the SSA's regulations, the ALJ issued a written decision reflecting the following findings. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 2, 2012. Dkt. No. 13-3 at

3; Tr. 15. At step two, the ALJ found that the plaintiff had the following severe impairments: cardiomyopathy and left hip pain (unknown etiology). Id. The ALJ found that the plaintiff had been diagnosed and received treatment for these impairments, and that they caused more than a minimal effect on her ability to perform work activity. Id. The plaintiff's medically determinable mental impairments of depression and anxiety, the ALJ found, did not cause more than minimal limitation in her ability to perform basic mental work activities, and were, therefore, non-severe. Id. at 4; Tr. 16. At step three, the ALJ found that the claimant did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 5. Tr. 17.

After determining the plaintiff's RFC, the ALJ moved to step four, and found that she was unable to perform any past relevant work. Id. at 9; Tr. 21.

At step five, the ALJ found that, considering the plaintiff's age, education, work experience, and RFC, she was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Id. at 10; Tr. 22. He also found that the plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §404.1567(d), except that she should never climb ladders, ropes or scaffolds and could only occasionally stoop, kneel, crouch, crawl or climb ramps and stairs. Id. at 18; Tr. 17.

Based on these findings, the ALJ found that the claimant was not under a disability from August 2, 2012 through September 5, 2014, and was not

disabled under sections 216(i) and 223(d) of the Social Security Act. Id. at 11; Tr. 23. The Appeals Council declined to review the decision. Dkt. No 14; Tr. 1-7. [2]

On appeal, the plaintiff raises four issues: (1) the ALJ's analysis of the plaintiff's treating physician's opinion was legally insufficient; (2) the ALJ's credibility assessment was legally insufficient; (3) the ALJ's RFC assessment was insufficient and not supported by substantial evidence; and (4) the ALJ's conclusion that plaintiff could perform other work in the national economy was unsupported by substantial evidence because it was based on unreasonable and faulty vocational expert testimony. Dkt. No. 14 at 1. Because the court finds that the ALJ did not properly evaluate the treating physician's opinion, the court will remand case. [3]

B. The ALJ Did Not Adequately Explain Why He Gave Less Weight To The Treating Physician's Opinion.

If an ALJ evaluates medical opinions from a treating source, "then the regulations require that the ALJ give [these] opinions controlling weight, as long as they were supported by medical findings and consistent with substantial evidence in the record." Simila v. Astrue, 573 F.3d 503, 514 (7th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable

_____

[2] When the Appeals Council denies a claimant's request for review, the ALJ's decision constitutes the final decision of the Commissioner. Moore, 743 F.3d at 1120.

[3] Because the court remands for a new determination, it does not reach the plaintiff's argument regarding the plaintiff's ability to perform other work in the national economy. Though it is not required to do so, the court briefly opines on the ALJ's credibility determination. See e.g. Indoranto v. Barnhart, 374 F.3d 470, 475 (7th Cir. 2004).

mind might accept as adequate to support a conclusion." <u>Barnett v. Barnhart</u>, 381 F.3d 664, 668 (7th Cir. 2004) (citing <u>Gudgel v. Barnhart</u>, 345 F.3d 467, 470 (7th Cir. 2003)). "An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." <u>Hopgood</u> <u>ex rel.</u>, 578 F.3d at 698 (citing <u>Giles</u> <u>ex rel.</u> <u>Giles v. Astrue</u>, 483 F.3d 483, 486 (7th Cir. 2007)).

The ALJ also must provide an explanation for the particular weight assigned to a treating source. 20 C.F.R. §404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.") An ALJ does not need to discuss every aspect of a treating source's opinion, but he "must confront the evidence that does not support his conclusions and explain why it was rejected." <u>Indoranto</u>, 374 F.3d at 474 (citing <u>Kasarsky v. Barnhart</u>, 335 F.3d 539, 543 (7th Cir. 2002); <u>Brindisi v. Barnhart</u>, 315 F.3d 783, 786 (7th Cir. 2003)).

The ALJ found that the plaintiff had the RFC to perform sedentary work (as defined in 20 C.F.R. §404.1567(a)), dkt. no. 13-3 at 18, and concluded that "[t]here is nothing in the record that would prevent the claimant from sitting for 6 hours or performing the other limitations identified in the residual functional capacity assessment," <u>id.</u> at 20. The plaintiff's treating physician, Dr. Myron, however, had opined that "the claimant should be limited to sitting and standing for more than 2 hours and could sit, stand and walk for four hours in an eight hour workday . . . ." <u>Id.</u> at 22. The ALJ accorded Dr. Myron's opinion that the plaintiff should be limited to sitting for more than two hours "some

6

weight." Dkt. No. 13-3 at 22. The ALJ gave the opinion "some weight," he said, because it was consistent with his assessment of the plaintiff's residual functional capacity. Id.

For some reason, the ALJ did not give Dr. Myron's opinion controlling weight, and concluded on his own that the plaintiff could sit for up to six hours (rather than the two hours Dr. Myron had described). The ALJ did not make a finding that that Dr. Myron's opinion was not supported by the medical record. Instead, the ALJ appears to have made his own determination that the plaintiff could sit for six hours, and then accorded Dr. Myron's medical opinion "some weigh" because it was "consistent" with the ALJ's own conclusions (which it was not). The ALJ did not build a logical bridge explaining why he did not agree with Dr. Myron's assessment. The fact that he incorrectly stated that Dr. Myron's opinion was consistent with the ALJ's conclusions as to the plaintiff's RFC, dkt. no. 13-3 at 22, further supports the argument that the ALJ did not build a logical bridge to his conclusion. Because the ALJ's assessment that the plaintiff could sit for six hours impacts the plaintiff's vocational options and, ultimately, her disability status, the court will remand the case to give the ALJ the opportunity to explain why he accorded Dr. Myron's opinion only "some" weight, and why he erroneously concluded that Dr. Myron's opinion that the plaintiff should be limited to sitting for more than two hours was consistent with his conclusion that she could sit for six.

The ALJ also questioned the plaintiff's credibility. He questioned her credibility as to the severity and frequency of her depression symptoms. Id. at

20-21. He concluded that her history of substance abuse and treatment "detract[ed]" from her credibility. Id. at 21. He looked to the occupational therapist's conclusion that there were inconsistencies between the plaintiff's performance at her occupational conditioning evaluation and the information she'd provided in reports, and concluded that those inconsistencies "further detract[ed] from the claimant's credibility." Id. at 22.

Social Security Ruling 16-3p (effective March 28, 2016) eliminated the use of the term "credibility" from the SSA's "sub-regulatory policy," because the Social Security regulations don't use that word. The opinion clarified "that subjective symptom evaluation is not an examination of the individual's character." S.S.R. 16-3p; see also Mendenhall v. Colvin, 2016 WL 4250214, *2-4 (C.D. Ill. August 9, 2016) (applying S.S.R. 16-3p retroactively); Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016). The court is concerned that the ALJ's statements questioning the plaintiff's credibility as to the severity and frequency of her depression symptoms, the fact of her prior drug abuse and treatment, and the inconsistencies between performance and information she provided, constitutes an assessment of the plaintiff's character rather than an evaluation of her symptoms. The court does not need to rule on the ALJ's credibility decision at this time, but the court encourages the ALJ to re-consider any credibility determinations in light of S.S.R. 16-3p.

The court's concerns with regard to weight the ALJ gave the treating physician, and its concerns about the ALJ's credibility assessment, are related to the plaintiff's argument that the ALJ's RFC determination was not supported

by sufficient evidence. While the ALJ went through and described the plaintiff's medical records and medical history, he appears to have made his RFC conclusion based on the defendant's credibility (or his determination that she lacked credibility), and as discussed above, by giving little weight to her treating physician's opinion. The court encourages the ALJ to review his RFC determination upon remand.

## IV. CONCLUSION

The court **ORDERS** that the final administrative decision denying the plaintiff's claim for disability benefits is **REVERSED.** The court **REMANDS** this case for further proceedings consistent with this order.

Dated in Milwaukee, Wisconsin this 4th day of August, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge